UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALFRED GARCIA,

      Plaintiff,

v.                                    No. 07-cv-782-JEC-RLP

DISCOVER FINANCIAL SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC; and
EQUIFAX INFORMATION SERVICES, LLC.,

      Defendants.

**PLAINTIFF'S OPPOSITION TO DEPONENT
CHASE MANHATTAN BANK, N.A.'S MOTION FOR A PROTECTIVE ORDER**

Deponent Chase Manhattan Bank, N.A.("Chase") moved the court for a protective order and to reschedule the Rule 30(b)(6) deposition of Chase. Plaintiff Alfred Garcia opposes the motion. Mr. Garcia has agreed to reschedule the deposition for May 6, 2008 at 9:00am MDT. Chase had no grounds for a protective order. Further, Chase's notice of non-appearance and motion for a protective order were untimely.

**I.    Introduction:**

Plaintiff served a notice of Rule 30(b)(6) deposition *duces tecum* on Chase on February 27, 2008, to which Chase failed to respond. After a hearing on the matter, the Court ordered Chase to identify the Rule 30(b)(6) deponent by April 15, 2008, and to appear at the deposition no later than April 30, 2008. By failing to submit any motions for protection, Chase waived its objections related to the subpoena.

On April 14, Chase identified Mr. Richard "Rick" Eile as the Rule 30(b)(6) deponent pursuant to this Court's order. Also, Chase determined that it had no more documents responsive

to the subpoena. The deposition was set for April 25, 2008.

On April 22, three days before the scheduled deposition, Chase requested to designate a different employee because the originally identified deponent was "not the most knowledgeable". Mr. Garcia informed Chase that he would agree to the change in the designated representative *only if* the change would result in no further delay and the deposition would proceed as scheduled on April 25.

On April 23, Chase requested the deposition be rescheduled because its more knowledgeable representative could not appear for the deposition on April 25. Mr. Garcia informed Chase that, as previously stated, the deposition would continue as scheduled with the originally designated deponent.

## II.     Argument:

The information sought through this deposition is very elementary. Mr. Garica seeks two pieces of information: 1) the steps that Chase took, during the relevant time period, when it transferred balances, and 2) the steps Chase took when it transferred Mr. Garica's balance. Chase maintains its position that it has no documents related to its balance transfer policies and procedures, nor does it have any documents related to Mr. Garcia's balance transfer.

Chase's stonewalling has continued despite this Court ordering it to fully comply with the subpoena and make itself available for the deposition. Chase has violated this Court's order and ignored this district's local rules.

This Court ordered Chase to identify its Rule 30(b)(6) deponent by April 15. While Chase had "designated" a deponent within the Court's deadline, its designation was illusory. Chase violated this Court's order by designating a new representative a week after the Court's deadline, and only 3 days before the scheduled deposition. Further, Chase then caused the deposition to be

postponed past the April 30 deadline.

In its motion, Chase presented no grounds for protection. Chase made no allegations that deposition as scheduled failed to allow a reasonable time to comply, required Chase to travel more than 100 miles, required the disclosure of protected matter, or caused undue burden. *See,* Fed. R. Civ. P. Rule 45(c)(3). Further, Chase waived all of its objections by failing to file any motion to quash, motion for a protective order, or any other similar motion prior to its initial refusal to comply with the subpoena.

Further, Chase filed its notice of non-appearance and its motion for a protective order on April 24, 2008, less than 24 hours prior to the scheduled deposition. The local rules for the district of New Mexico state that: "[f]ailure of a deponent to appear at the time and place designated may be regarded as ... contemptible conduct... unless a motion for protective order and a notice of non-appearance are served at least five (5) calendar days before the scheduled deposition." *See*, D.N.M. LR-Civ. 30.2 (2008).

### III.  Conclusion:

Chase's notice and motion are untimely and without any grounds. Its conduct is contemptible. Mr. Garica has agreed to proceed with the deposition on May 6, 2008. However, should Chase cause any further delay, though the further rescheduling of the deposition, or through any failure to respond to the areas of inquiry at the deposition, or its production of documents, Mr. Garcia will request that the Court find Chase in contempt, and impose sanctions.

Respectfully submitted,

FEFERMAN & WARREN, Attorneys for Plaintiff

_____
CHARLES PARNALL
300 Central Avenue SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)

I CERTIFY that a true and correct copy of the foregoing pleading was mailed to Marc Kirkland and Tiffany Hawkins, attorneys for Defendant Trans Union, LLC, at Strasburger & Price, LLC., 2801 Network Blvd., Suite 600, Frisco, Texas 75034; to Charles J. Vigil, at Rodey Dickason, Sloan, Akin & Robb, P.A., attorneys for Defendant Trans Union, LLC, at P.O. Box 1888, Albuquerque, New Mexico 87103-1888; to Corbin Hildebrant, attorney for Defendant Discovery Financial Services, LLC., at Corbin Hildebrant, P.C., 1400 Central Ave SE, Suite 2000, Albuquerque, New Mexico 87106-4852; to Tamar Tal Yudenfreund, attorney for Defendant Experian Information Solutions, Inc., at Jones Day, 3 Park Plaza, Suite 1100, Irvine, California 92614-2592; and to Stephanie Cope, attorney for Defendant Equifax Information Services, LLC., at King & Spalding, 1180 Peachtree St. NE, Atlanta, Georgia 30309-3521; to Thomas P. Gulley, attorney for Chase Manhattan Bank, N.A., at Lewis and Rocca LLP, P.O. Box 1027, Albuquerque, NM 87103-1027; David Eagle, attorney for Chase Manhattan Bank, N.A., at Klehr, Harrison, Harvey, Branzburg, & Ellers, 919 Market St., Suite 1000, Wilmington, DE 19801, and to Aneta Palvovich, corporate counsel for Chase Manhattan Bank, N.A., at Chase Manhattan Bank, N.A. Legal Department, 7610 West Washington St., Mail code IN1-4054, Indianapolis, IN 46231, on May 5, 2008.

_____
CHARLES PARNALL